Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. Thomas Tremayne Henderson     Docket No. 00-00041-001 Erie

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Thomas Tremayne Henderson, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Erie, Pennsylvania, on the 14th day of August 2001, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm.
- The defendant shall participate in a program of testing and treatment for substance abuse as directed by the Probation Office, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer, not to exceed the actual costs.
- The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.
- The defendant shall make restitution to PNC Bank in the amount of $1,080.
- The defendant shall pay a special assessment of $100.

| | |
|---|---|
| 08-14-01: | Bank Robbery; 46 months' custody of the Bureau of Prisons, 3 years' supervised release. |
| 02-01-05: | Released to supervision; Currently supervised by U.S. Probation Officer David J. Conde. |
| 09-29-05: | Petition signed; Judgment modified by Senior United States District Judge Maurice B. Cohill, Jr., to include a special condition requiring the supervised releasee to be placed on home detention for a period of up to 180 days. |
| 01-24-06: | Bench warrant as a detainer granted by Senior United States District Judge Maurice B. Cohill, Jr. |

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the supervised releasee has violated the following conditions:

**The defendant shall not commit another federal, state, or local crime.**

On January 23, 2006, the Court was advised that Mr. Henderson had been charged with Burglary, Robbery, Aggravated Assault, Recklessly Endangering Another Person, Terroristic Threats, Receiving Stolen Property, and Possession of Instruments of Crime. Mr. Henderson was accused of breaking into the Paper Moon restaurant and holding the manager of the restaurant at knifepoint. The manager was made to open a cash drawer and an unspecified amount of cash was taken. During the altercation, the manager was cut in the hand by the knife held by Mr. Henderson. It should be noted that Mr. Henderson was an ex-employee of the restaurant. As a result of the new criminal charges, the Court executed a bench warrant as a detainer on January 24, 2006. On April 6, 2006, Mr. Henderson pled guilty to Robbery, Aggravated Assault, Recklessly Endangering Another Person, and Possession of Instruments of Crime. A charge of Burglary, Terroristic Threats, Theft by Unlawful Taking, and Receiving Stolen Property were nol-prossed. On July 20, 2006, Mr. Henderson was sentenced to the following:

U.S.A. vs. Thomas Tremayne Henderson
Docket No. 00-00041-001 Erie
Page 2

Count 2: Robbery: 25 to 50 years' custody; Count 3: Aggravated Assault: 25 to 50 years' custody concurrent to Count 2; Count 4: Recklessly Endangering Another Person: Merged for sentencing purposes; and Count 8: Possession of an Instrument of Crime: 30 to 60 months' custody concurrent to Count 2. The case is docketed at the Erie County Court of Common Pleas, Criminal No. 306 of 2006.

**The defendant shall refrain from any unlawful use of a controlled substance.**

**The defendant shall refrain from the unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.**

A urine specimen obtained from Mr. Henderson on January 9, 2006, tested positive for cocaine. The sample was confirmed positive by Scientific Testing Laboratory, Incorporated, on January 17, 2007. Mr. Henderson has tested positive previously for cocaine on June 6 and 10, 2005; July 11 and 14, 2005; August 11, 2005; and September 14 and 19, 2005. Information received from Mr. Henderson's wife on January 20, 2006, indicated that he was out of control and had been using crack cocaine that day and the previous day.

PRAYING THAT THE COURT WILL ORDER that the supervised releasee appear in Federal Court, Courtroom C, U.S. Courthouse, Erie, Pennsylvania, with legal counsel on _____ at _____, to show cause why supervision should not be revoked.

ORDER OF COURT

Considered and ordered this _____ day of _____, 20____ and ordered filed and made a part of the records in the above case.

_____
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on         January 7, 2008

_____
David J. Conde
U.S. Probation Officer

_____
Gerald R. Buban
Supervising U.S. Probation Officer

Place:   Erie, PA